J-A29014-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSEPH WILLIAM REDFIELD | : | |
| | : | |
| Appellant | : | No. 540 WDA 2024 |

Appeal from the Judgment of Sentence Entered April 24, 2024
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0003145-2023

BEFORE:  OLSON, J., LANE, J., and BENDER, P.J.E.

MEMORANDUM BY OLSON, J.:                    **FILED: March 13, 2025**

Appellant, Joseph William Redfield, appeals from the April 24, 2024 judgment of sentence entered in the Court of Common Pleas of Erie County after Appellant pleaded guilty to one count of criminal trespass.[1]  Appellant was sentenced to 9 to 18 months' incarceration to be followed by 5 years' probation.  Counsel for Appellant, Emily M. Merski, Esquire ("Attorney Merski") filed an **Anders** brief[2] and a petition to withdraw as counsel.  We affirm the judgment of sentence and grant the petition to withdraw.

The record demonstrates that, on October 28, 2023, Appellant was charged with burglary – overnight accommodation with no person present,

---

[1] 18 Pa.C.S.A. § 3503(a)(1)(ii).

[2] **Anders v. California**, 386 U.S. 738 (1967); **see also Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009); **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981).

two counts of criminal trespass – breaking into an occupied structure, criminal mischief – damage of property, and theft by unlawful taking – moveable property. 18 Pa.C.S.A. §§ 3502(a)(2), 3503(a)(1)(ii) (2 counts), 3304(a)(5), and 3921(a), respectively; ***see also*** Criminal Complaint, 10/28/23; Criminal Information, 1/22/24. On March 1, 2024, Appellant pleaded guilty to one count of criminal trespass and the remaining four charges were *nolle prossed*. Appellant was sentenced as noted above.[3]

On April 30, 2024, Appellant filed a post-sentence motion, asking the trial court to reconsider the sentence on grounds that "either the maximum end of the sentence [(which Appellant believes was 16 months and not 18 months, as stated in the judgment of sentence)] is technically too low or the minimum [end of the sentence (9 months)] is too high."[4] Post Sentence Motion, 4/30/24, at ¶4. On May 2, 2024 the trial court denied Appellant's

---

[3] Appellant was also ordered to pay the costs of prosecution, as well as restitution in the amount of $1,918.99, and to have no contact with the victims, who were his parents. The trial court awarded Appellant 180 days' credit for time served. Appellant's sentence of incarceration was set to run consecutively to a sentence of incarceration Appellant received for retail theft (18 Pa.C.S.A. § 3929(a)(4)) in an unrelated criminal matter. Sentencing Order, 4/24/24; ***see also*** N.T., 4/24/24, at 25-26.

[4] During the sentencing and post-sentencing portions of his case, Appellant was represented by Attorney Matthew Thomas, Esquire ("Attorney Thomas"). In the post-sentence motion, Attorney Thomas stated that he "believes the [maximum range of a sentence called for under the standard range sentencing guidelines was] 18 months, not 16 months, but [Appellant] wished to raise this issue." Post-Sentence Motion, 4/30/24, at ¶4 (emphasis omitted).

motion. This appeal followed.[5] On August 13, 2024, Attorney Merski filed an ***Anders*** brief and a petition to withdraw as counsel with this Court.[6]

Preliminarily, we must address Attorney Merski's petition to withdraw and the accompanying ***Anders*** brief, both alleging this appeal is frivolous and without merit. ***Anders*** Brief at 9; ***see also*** Petition for Leave to Withdraw as Counsel, 8/13/24, at ¶5. "When presented with an ***Anders*** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." ***Commonwealth v. Daniels***, 999 A.2d 590, 593 (Pa. Super. 2010) (citation omitted). In order to withdraw pursuant to ***Anders***, "counsel must file a brief that meets the requirements established by our Supreme Court in [***Santiago***, ***supra***]." ***Commonwealth v. Harden***, 103 A.3d 107, 110 (Pa. Super. 2014) (parallel citation omitted). Specifically, counsel's ***Anders*** brief must comply with the following requisites:

(1)  provide a summary of the procedural history and facts, with citations to the record;

(2)  refer to anything in the record that counsel believes arguably supports the appeal;

---

[5] On May 15, 2024, Attorney Thomas, who was still counsel of record at that time, filed a statement of intent to file an ***Anders*** brief in lieu of a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). On May 24, 2024, the trial court filed a 1925(a) "statement."

[6] Attorney Merski entered her appearance as counsel for Appellant on May 16, 2024.

(3)    set forth counsel's conclusion that the appeal is frivolous; and

(4)    state counsel's reasons for concluding that the appeal is frivolous.  Counsel should articulate the relevant facts of record, controlling case law, [and] statutes on point that have led to the conclusion that the appeal is frivolous.

*Id.* (citation omitted).

Pursuant to *Commonwealth v. Millisock*, 873 A.2d 748 (Pa. Super. 2005), and its progeny, "[c]ounsel also must provide a copy of the *Anders* brief to his [or her] client." *Commonwealth v. Orellana*, 86 A.3d 877, 880 (Pa. Super. 2014) (internal quotation marks and citation omitted).  The brief must be accompanied by a letter that advises the client of the option to "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the *Anders* brief." *Id.*  "Once counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." *Commonwealth v. Goodwin*, 928 A.2d 287, 291 (Pa. Super. 2007) (*en banc*) (citation and internal quotation marks omitted).

Instantly, Attorney Merski satisfied the technical requirements of *Anders* and *Santiago*.  In the *Anders* brief, counsel identified the pertinent factual and procedural history and made citation to the record.  Counsel raises one issue challenging Appellant's judgment of sentence that could arguably support an appeal, but ultimately, counsel concludes the appeal is wholly

frivolous. *See Anders* Brief at 9-12. Counsel also attached to her petition a letter to Appellant that fulfills the notice requirements of *Millisock*. Appellant has not filed a response to counsel's letter, the *Anders* brief, or the petition to withdraw. Accordingly, we proceed to conduct an independent review of the record to determine whether the appeal is wholly frivolous.

In the *Anders* brief, counsel raises the following issue for our review:

> Whether [Appellant's] sentence is manifestly excessive, clearly unreasonable, and inconsistent with the objectives of the Sentencing Code?

*Anders* Brief at 3.[7]

In asserting that his sentence is manifestly excessive, unreasonable, and inconsistent with the Sentencing Code, Appellant raises a challenge to the discretionary aspects of his sentence.

> "Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Derry*, 150 A.3d 987, 991 (Pa. Super. 2016) (citations omitted). Before reaching the merits of such claims, we must determine:
>
>> (1) whether the appeal is timely; (2) whether [the] appellant preserved his[, or her,] issues; (3) whether [the] appellant's brief includes a [Pennsylvania Rule of Appellate Procedure] 2119(f) concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is inappropriate under the sentencing code.

---

[7] The Commonwealth did not file an appellate brief in response to the *Anders* Brief.

> *Commonwealth v. Corley*, 31 A.3d 293, 296 (Pa. Super. 2011) (citations omitted).
>
> "To preserve an attack on the discretionary aspects of sentence, an appellant must raise his[, or her] issues at sentencing or in a post-sentence motion. Issues not presented to the [trial] court are waived and cannot be raised for the first time on appeal." *Commonwealth v. Malovich*, 903 A.2d 1247, 1251 (Pa. Super. 2006) (citations omitted); *see also* Pa.R.A.P. 302(a).
>
> "The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." *Commonwealth v. Battles*, 169 A.3d 1086, 1090 (Pa. Super. 2017) (citation omitted).

*Commonwealth v. Pisarchuk*, 306 A.3d 872, 878 (Pa. Super. 2023) (original brackets and extraneous capitalization omitted), *appeal denied*, 318 A.3d 95 (Pa. 2024); *see also Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*).

In determining whether a substantial question exists, this Court "cannot look beyond the statement of questions presented and the prefatory Rule 2119(f) statement[.]" *Commonwealth v. Christine*, 78 A.3d 1, 10 (Pa. Super. 2013), *aff'd*, 125 A.3d 394 (Pa. 2015). The Rule 2119(f) statement "must explain where the sentence falls in relation to the sentencing guidelines, identify what specific provision of the [Sentencing] Code [or] what fundamental norm was violated, and explain how and why the [trial] court violated that particular provision [or fundamental] norm." *Commonwealth v. Feucht*, 955 A.2d 377, 384 (Pa. Super. 2008), *appeal denied*, 963 A.2d 467 (Pa. 2008). While it is not necessary that the Rule 2119(f) statement "provide elaborate factual and procedural details," the statement must provide

more than "bald assertions or non-specific claims of error [and] must state the way in which the penalty imposed is inappropriate." *Feucht*, 955 A.2d at 384. A substantial question exists when an appellant presents a colorable argument that the sentence imposed is either (1) inconsistent with a specific provision of the Sentencing Code or (2) is "contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Mastromarino*, 2 A.3d 581, 585 (Pa. Super. 2010), *appeal denied*, 14 A.3d 825 (Pa. 2011).

Before examining whether, or not, Appellant raises a substantial question, however, we must determine whether Appellant has the right to seek permission to appeal the discretionary aspects of his sentence. "Generally, a plea of guilty amounts to a waiver of all defects and defenses except those concerning the jurisdiction of the court, the legality of the sentence, and the validity of the guilty plea." *Commonwealth v. Morrison*, 173 A.3d 286, 290 (Pa Super. 2017) (citation omitted). It is well-settled that "where a defendant pleads guilty pursuant to a plea agreement specifying particular penalties, the defendant may not seek a discretionary appeal relating to those agreed-upon penalties." *Commonwealth v. Brown*, 982 A.2d 1017, 1019 (Pa. Super. 2009) (citation omitted), *appeal denied*, 990 A.2d 726 (Pa. 2010); *see also Morrison*, 173 A.3d at 290. "Permitting a defendant to petition for such an appeal would undermine the integrity of the plea negotiation process and could ultimately deprive the Commonwealth of sentencing particulars for which it bargained." *Brown*, 982 A.2d at 1019. In a situation involving a hybrid plea agreement, which is a negotiated plea

agreement that specifies some but not all aspects of the sentence, an appellant may seek a limited appeal of the discretionary aspects of the hybrid plea agreement upon which there was no specific agreement. *Commonwealth v. Dalberto*, 648 A.2d 16, 21 (Pa. Super. 1994), *appeal denied*, 655 A.2d 983 (Pa. 1995), *cert. denied*, 516 U.S. 818 (1995); *see also Commonwealth v. Heaster*, 171 A.3d 268, 271 (Pa. Super. 2017), *appeal denied*, 181 A.3d 1078 (Pa. 2018); *Brown*, 982 A.2d at 1019.

Here, Appellant agreed to plead guilty to one count of criminal trespass, and pay restitution in exchange for the Commonwealth agreeing to *nolle prose* the four remaining criminal charges. *See* Defendant's Statement of Understanding of Rights Prior to Guilty/No Contest Plea, 3/1/24, at ¶5. While Appellant understood that, by pleading guilty to one count of criminal trespass, the trial court could impose, *inter alia*, a maximum sentence of 10 years' incarceration (*see id.*; *see* **also** N.T., 3/1/24, at 9-10), the plea agreement did not specify an agreed upon sentence, but only that Appellant would pay restitution. Because the plea agreement required Appellant to pay restitution but did not specify the period of incarceration to be imposed in exchange for his guilty plea to one count of criminal trespass, Appellant's plea agreement is a hybrid plea agreement. As such, Appellant is permitted to seek an appeal of the discretionary aspects of his sentence of total incarceration. *See Heaster*, 171 A.3d at 271.

In seeking his appeal, the record demonstrates that Appellant filed a timely notice of appeal and properly preserved a challenge to the discretionary

aspects of his sentence in a post-sentence motion.  In his Rule 2119(f) statement, Appellant contends that while the trial court sentenced him within the applicable sentencing guidelines, the trial court failed to consider the factors set forth in 42 Pa.C.S.A. § 9721(b), namely the protection of the public, the gravity of the offense in relation to the impact on the victim and community, and the rehabilitative needs of the defendant.  **Anders** Brief at 6.

"[O]rdinarily, a claim that the [trial] court failed to consider or accord proper weight to a specific sentencing factor[, *i.e.*, a defendant's rehabilitative needs,] **does not** raise a substantial question."  **Commonwealth v. Caldwell**, 117 A.3d 763, 769 (Pa. Super. 2015) (citation omitted; emphasis in original), *appeal denied*, 126 A.3d 1282 (Pa. 2015).  A claim, however, that the trial court failed to consider all of the Section 9721(b) sentencing factors, *i.e.*, protection of the public, gravity of the underlying offense, and rehabilitative needs of the defendant, presents a substantial question. **Commonwealth v. Buterbaugh**, 91 A.3d 1247, 1266 (Pa. Super. 2014) (*en banc*) (stating, "[a]rguments that the [trial] court failed to consider the factors proffered in 42 Pa.C.S.[A.] § 9721 [] present a substantial question" (original brackets omitted)), *appeal denied*, 104 A.3d 1 (Pa. 2014); **see also Derry**, 150 A.3d at 992.  Therefore, we proceed to consider the merits of Appellant's discretionary sentencing claim.

Appellant asserts that his sentence was "manifestly excessive, clearly unreasonable[,] inconsistent with the objectives of the [] Sentencing Code." **Anders** Brief at 7.  Appellant contends that the trial court "failed to give proper

weight to the mitigating factors of his case. *Id.* at 8. Appellant argued that, in particular, the trial court failed to consider his past history with drug addiction and struggles with mental health, that he was "just looking for a place to sit and feel safe for a while" when he broke into the victims' residence, and that he had an "extreme sense of remorse" and expressed a "wish to take responsibility [for his actions] as soon as possible." *Id.* Appellant further contends that the trial court failed to consider Appellant's "recent loss of his younger brother and the impact that [death] had on him, his family[,] and his mental health." *Id.* at 9.

In reviewing sentencing matters, we are mindful of our well-settled standard of review.

> Sentencing is a matter vested in the sound discretion of the [trial court], and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the [trial] court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias[,] or ill[-]will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Garcia-Rivera*, 983 A.2d 777, 780 (Pa. Super. 2009).

Section 9721(b) of the Sentencing Code requires a trial court, in fashioning its sentence, to, *inter alia*, "follow the general principle that the sentence imposed should call for total confinement that is consistent with [S]ection 9725 (relating to total confinement) and the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim

and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b).

At the sentencing hearing, Attorney Thomas informed the trial court that,

Indeed [Appellant has done a significant amount of time in jail [up to] this point. Frankly, this is a family situation that turned into a criminal matter. The house involved in the original charges in this case belonged to [Appellant's] father. And while my client understands that he wasn't welcome there and is very apologetic for what he did, his main actions when it came to his father's home were as follows, *per* the criminal complaint that was filed by [the] police: [g]athering up some of his clothing and washing [them], showering, and eating [food] from the freezer. And in speaking to my client, I know that he stated and wished for me to pass on that[,] in better words than the ones that he has, that he is simply struggling. I know he's had significant mental health and I believe drug issues in the past and that he was just looking for a place to sit and feel safe for a while. That doesn't excuse the crime that was committed, but there is that.

. . .

I believe deep down that his issues are rooted in his mental health, poor relationships with his family, and, you know, potential substance abuse. I do understand the frustration with him given the history, but I think the thing he needs most is treatment and not endless punishment. As stated, he has been incarcerated for many months now. We do believe he's learned his lesson and we would ask for a mitigated range sentence.

N.T., 4/24/24, at 7-10. Counsel also acknowledged, *per* the trial court's questioning, that the victim impact statement indicated that the victims were anxious and afraid of Appellant. *Id.* at 10.

The trial court informed Appellant that, in their impact statement, the victims talked "about their pain and their anxiety. [] I listened carefully to

what your attorney had to say about your acceptance of responsibility. You heard what he[] said about the impact this has had []on your family." *Id.* The trial court then asked Appellant if he had "anything else [he] would like to tell [the trial court] about [him]self or this situation." *Id.*

Appellant informed that trial court that, while he was incarcerated out-of-state for another criminal matter, he received notice from his parents that his brother passed away from an apparent drug overdose. *Id.* at 11. He also indicated that his father believed that the brother's death was the result of "foul play because [his] brother was involved in doing drugs and a lot of the same criminal enterprise that comes with that." *Id.* Appellant told the trial court that his parents were helping him "get back on [his] feet" while on probation by letting him stay at another house his parents owned in Corry, Pennsylvania. Appellant explained that "the reason [he] went [to his parents' residence in Wayne Township, Pennsylvania, on the day of the incident was] because [he] was already staying at [the other] house [belonging to his parents with their permission] and he "needed to take a break." *Id.* at 12.

In response, the trial court stated,

I understand that there are mental health issues here that are legitimate issues.[8] And I cannot understand how it must feel for a parent to lose a child, and then to think [that] foul play is involved and how that may have had an impact upon you. . . . But having said all of that, none of that changes the fact that you did not have permission to go into the house, that [your parents]

---

[8] Appellant was diagnosed with anti-social personality disorder. N.T., 4/24/24, at 16.

are scared, and they are anxious. And that's really the bottom line above and beyond that this happened while you're already on supervision for another felony. And if I look back at it, it looks like I gave you fairly or hopefully a fair sentence [in the prior criminal matter]. You committed the most serious violation that you can, committed another offense, and in this case a felony.

*Id.* at 14. The trial court further stated, "I do understand that you believe this called for mitigating circumstances. But again, I'm focusing you back on the specific situation here. I'm not disregarding what you said, but we need to just focus on what happened here." *Id.* at 14-15. In fashioning Appellant's sentence, the trial court explained,

I absolutely accept what you have said, counsel, about his accepting responsibility, his plea from the get[-]go, for lack of a better term, but I still can't [impose a] mitigated [sentence.] But I'm not going to – there is going to be punishment because there has to be, but I'm also going to take into account your rehabilitative needs and try to have you address those as best the system can. But there won't be any margin for error, there just won't be. Even taking into account your mental health issues, there will be no margin for error.

Taking all of these facts into consideration, again, his plea, accepting responsibility, his mental health issues, the fact that through no one's fault – well, actually, no, through [Appellant's] fault, the drug and alcohol evaluation [was] not done previously, the mental health [evaluation] was not done previously; that is your fault because you would not have received the new charge if you had gotten those evaluations because you might be getting help already. I'm certainly taking into account the impact this has upon the family.

*Id.* at 24-25. Thereafter, the trial court imposed a sentence of 9 to 18 months' incarceration to be followed by 5 years of probation. *Id.* at 25-26.

Upon review, we conclude that the trial court imposed a reasonable sentence in accord with the sentencing guidelines and with consideration of

the Section 9721(b) factors, including the severity of the crime, the protection of the public and the impact on the victims, and Appellant's rehabilitative needs. The sentencing guidelines in effect at the time Appellant committed the offense of criminal trespass called for a sentence range of 9 to 16 months' incarceration in a county prison.[9] 204 Pa. Code § 303.16(a). As such, the trial court imposed a sentence of incarceration in a county prison starting at the lowest end of the standard range for a sentence called for under the sentencing guidelines. The maximum term of incarceration for a felony of the second degree, which is the classification assigned to criminal trespass - Section 3503(a)(1)(ii) (**see** 18 Pa.C.S.A. § 3503(a)(2)), is no more than 10 years' incarceration. 18 Pa.C.S.A. § 1103(2); **see also** 42 Pa.C.S.A. § 9756(a) (authorizing the trial court to impose a maximum period for a sentence of total confinement "up to the limit authorized by law"). Our review of the sentencing transcript further demonstrates that the trial court considered the sentencing factors set forth in Section 9721(b). Therefore, we discern no error of law or abuse of discretion in the sentence imposed by the trial court. Consequently, Appellant's claim is without merit.

Upon review of the record, we conclude that it supports Attorney Merski's assessment that Appellant's appeal is wholly frivolous. Moreover, our independent, comprehensive review of the record reveals no additional

---

[9] Appellant had an offense gravity score of 4 and a prior record score of 5. **See** Guideline Sentence Form, 4/26/24.

non-frivolous claims. Therefore, we grant counsel's petition to withdraw and affirm Appellant's judgment of sentence.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

3/13/2025